IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:23-CV-01329-FL

| | |
|---|---|
| JOE JULIANO, Individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GENERAC POWER SYSTEMS, INC., )<br>)<br>Defendant. ) | ORDER |

This matter comes before the court on defendant's partial motion to dismiss. (DE 14). The motion has been briefed fully, and in this posture, the issues raised are ripe for ruling. For the following reasons, the motion is granted.

**STATEMENT OF THE CASE**

Plaintiff filed complaint in this products liability and putative class action matter September 22, 2023, bringing claims for negligence, negligent design defect, breach of express warranty, breach of implied warranty of merchantability, fraud by omission, fraudulent concealment, unjust enrichment, and violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2830 et seq. Plaintiff seeks class certification and designation as class representative, judicial declaration that defendant is "financially responsible for notifying the [p]roposed [c]lasses [sic] [m]embers of the pendency of this action," damages, individually and for the putative class, interest, costs, and attorneys' fees. (Compl at 29).

Defendant filed the instant partial motion to dismiss December 13, 2023, seeking to dismiss only plaintiff's claim for fraud by omission. Plaintiff responded in opposition, and defendant replied. Thereafter, plaintiff filed with consent of defendant a motion to substitute Generac Power Systems, Inc., for Generac Power Holdings, Inc., where the former was defendant's correct name, and the court granted that motion. The court entered case management order February 14, 2024, and discovery with respect to plaintiff's other claims is ongoing.

## STATEMENT OF FACTS

The facts alleged in the complaint may be summarized as follows. Plaintiff purchased a generator made by defendant on or about May 2022, in order to power equipment located inside an ice cream trailer he operates. (See compl. ¶¶ 20-22). On or about October 2022, the generator "abruptly shut off" while in use. (Id. ¶ 23). Upon inspection, plaintiff noticed that the generator's gasoline tank "had ballooned to over . . . two times its original size," (id. ¶ 24), and, in an attempt to prevent rupture or explosion, plaintiff tried to release excess pressure by loosening the generator's gas cap. (See id. ¶25). Gasoline erupted from the fuel tank, dousing plaintiff and resulting in rashes, skin irritation, and chemical burns. (Id. ¶ 26-27).

"Defendant and the U.S. Consumer Product Safety Commission issued a product recall on September 14, 2023," (id. ¶ 13), which affects "about 64,000 units." (Id. ¶ 14). So far, twenty-seven incidents of generators overheating, pressurizing, or expelling fuel have been reported, "including three incidents resulting in severe burn injuries." (Id. ¶ 19).

## COURT'S DISCUSSION

1. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v.

2

Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).[1] "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (quotations omitted).

2.   Analysis

Plaintiff's fraud claims are subject to the pleading requirements of Federal Rule of Civil Procedure 9(b), which ordinarily "requires that [a] . . . plaintiff must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." United States v. Triple Canopy, Inc., 775 F.3d 628, 634 (4th Cir. 2015). However, "[i]n cases involving alleged fraud by omission or concealment, it is well-nigh impossible for plaintiffs to plead all the necessary facts with particularity, given that those facts will often be in the sole possession of the defendant." Corder v. Antero Resources Corporation, 57 F.4th 384, 402 (2023). Therefore, "[w]hen alleging fraud by omission . . . plaintiffs may partly rely on information and belief . . . , [h]owever, they must state the factual allegations that make their belief plausible." Id.; see, e.g., Oak Plaza, LLC v. Buckingham, No. DKC 22-231, 2023 WL 2537661 at *17-18 (D. Md. Mar. 16, 2023) (applying Corder and finding a complaint sufficient where it contained inter alia a date that served as a

---

[1] Throughout this order, internal quotation marks and citations are omitted unless otherwise specified.

starting point and a date through which the fraud continued, and when and where the defendants opened a bank account).

Plaintiff has not stated factual allegations making his fraud claim plausible. The complaint simply states in a conclusory fashion that

> [d]efendant concealed and/or suppressed material facts concerning the safety of their [g]enerators. Defendant knew that the defective [g]enerators were designed and manufactured with defects, but [d]efendant concealed those material facts. Defendant recklessly manufactured and distributed the defective [g]enerators . . . even though [d]efendant knew, or should have known, at the time of distribution, that the [g]enerators contained material gas tank ventilation valve defects.

(Compl. ¶ 117). Plaintiff offers "very few facts that identify when" defendant allegedly withheld relevant information, Corder, 57 F.4th at 402, stating only that "[d]efendant and the U.S. Consumer Product Safety Commission issued a product recall on September 14, 2023," (compl. ¶ 13) that the generators were sold between April 2001 and June 2023, (see id. ¶ 15), and that plaintiff himself bought a generator "from an online retailer on or around May 2022." (Id. ¶ 20). "At the very least, Rule 9(b) requires [plaintiff] to allege a particular [temporal] starting point or explain why [he] lack[s] sufficient information to do so." Corder, 57 F.4th at 402. That was not accomplished here.

In addition, plaintiff does not specify any actions taken by defendant or its personnel calculated to keep defects hidden from the public. Without such specification in the complaint, defendant cannot be made "aware of the particular circumstances for which it will have to prepare a defense at trial." Id.

Diop v. BMW of North America, LLC, 511 F. Supp. 3d 679 (E.D.N.C. 2021), on which plaintiff relies, is instructively distinguishable. There, plaintiff alleged that defendant in a products liability action took affirmative steps to conceal engine defects from plaintiff "and other customers by inter alia directing dealers to describe the excessive oil consumption as 'normal,' issuing a technical service bulletin . . . that instructed technicians to add double the amount of engine oil to

vehicles with [faulty] engines, and launching" a program "that reduced the recommended oil-change interval." Id. at 687. This factual specificity is missing from the instant complaint. Accordingly, plaintiff's claim for fraud by omission must be dismissed.

## CONCLUSION

Based on the foregoing, defendant's partial motion to dismiss (DE 14) is GRANTED. Plaintiff's claim for fraud by omission is DISMISSED for failure to state a claim upon which relief can be granted. Plaintiff's claims for negligence, negligent design defect, breach of express warranty, breach of implied warranty of merchantability, fraudulent concealment, unjust enrichment, and violation of the Magnuson-Moss Warranty Act, not addressed by the instant order, shall proceed forward.

SO ORDERED, this the 1st day of May, 2024.

_/s/ Louise W. Flanagan_
LOUISE W. FLANAGAN
United States District Judge